Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorneys for SN Servicing Corporation as servicer for
U.S. Bank Trust National Association as Trustee of Lodge
Series IV Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
                                                                   :
                                                                   :   CASE NO.: 19-13161-JKS
IN RE:                                                             :
                                                                   :   CHAPTER: 13
Rachel S. Brady,                                                   :
                                                                   :   HON. JUDGE.:
Debtor.                                                            :   John K. Sherwood
                                                                   :
                                                                   :   HEARING DATE:
                                                                   :   December 10, 2020
                                                                   :
                                                                   :
-------------------------------------------------------------------X

## NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN

**PLEASE TAKE NOTICE** that SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of Lodge Series IV Trust ("Secured Creditor"), the holder of a mortgage on real property of the debtor(s), located at 35 Velock Drive, Little Ferry, NJ 07643, by and through its undersigned attorneys, hereby objects to the confirmation of the Modified Chapter 13 Plan on grounds including:

1. Debtor(s) modified plan fails to provide for the claim of Secured Creditor. The objecting creditor is due arrears of approximately $280,282.05 which have been set forth in a Proof of Claim filed January 28, 2020 under Claim 15-2.

2. Debtor(s) modified plan fails to correctly provide for the regular monthly mortgage payments owed to the Secured Creditor. The objecting creditor is due payments in the amount of $2,409.76 fully set forth in the amened proof of claim (15-2), filed on January 28, 2020.

3. Debtor(s) modified plan as proposed appears to contemplate that there will be no cure for the prepetition arrears of Secured Creditor unless or until a loan modification is achieved. The requirements of 11 U.S.C. 1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the debtor(s) are obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C. 1322(b)(5).

    a. Debtor was offered a trial modification on October 21, 2020, however, the co-borrower is deceased and neither the Debtor nor the Debtor's daughter have provided Secured Creditor with information or documents that show that an administrator of the co-borrower's estate was appointed administrator. Secured Creditor believes that the estate of the deceased co-borrower should be assigning the debt and an estate administrator should be signing the agreement as well. Debtor and debtor's daughter have not provided any clarity or information on this aspect.

    b. Additionally, Debtor's daughter, who must assume the loan for the agreement to be finalized, has not fully agreed to the terms presented in the trial modification agreement.

    c. Accordingly, in the event that the ongoing loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. 1325(a)(1). As Debtor's plan is dependent on the approval of a loan modification, confirmation must be denied.

4. Debtor(s) seeks to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is the principal residence of the debtor(s).

5. Debtor(s) proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

6. Debtor(s) proposed plan does not provide that Secured Creditor retain its lien.

7. Debtor(s) proposed plan is not feasible.

8. Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C. 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

Dated: New York, NY
November 3, 2020

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as servicer
for U.S. Bank Trust National Association as Trustee
of Lodge Series IV Trust
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100
F: (212) 471-5150

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
|---|---|
| | Case No.: _____ |
| | Chapter: _____ |
| In Re: | Adv. No.: _____ |
| | Hearing Date: _____ |
| | Hon. Judge: _____ |

**CERTIFICATION OF SERVICE**

1. I, _____ :

    ☐ represent _____ in the this matter.

    ☐ am the secretary/paralegal for _____, who represents _____ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On _____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: _____     _____
                                                Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |